**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MARK PASSUT, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1606 (RBW) |
| | ) | |
| MIGUEL CARDONA, in his official | ) | |
| capacity as the United States Secretary of | ) | |
| Education,[1] <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>ORDER</u>**

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court

within the next sixty days, absent extraordinary circumstances, the Court will (1) grant in part

and deny as moot in part the defendants' motion to dismiss and (2) deny as moot the plaintiffs'

motion for class certification.  Accordingly, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss, ECF No. 16, is **GRANTED IN**

**PART AND DENIED AS MOOT IN PART**.  The motion is **GRANTED** to the extent that it

seeks to dismiss the plaintiffs' Amended Complaint for Declaratory and Injunctive Relief for

lack of subject matter jurisdiction.  The motion is **DENIED AS MOOT** in all other respects.  It

is further

**ORDERED** that the Plaintiffs' Motion for Class Certification and Supporting

Memorandum, ECF No. 22, is **DENIED AS MOOT**.  It is further

---

[1] Miguel Cardona is the current Secretary of the United States Department of Education, and he is therefore
substituted for Betsy DeVos as the proper party defendant pursuant to Federal Rule of Civil Procedure 25(d).

**ORDERED** that this Order is not a final Order subject to appeal.[2]  It is further

**ORDERED** that the status conference currently scheduled for March 31, 2021, is

**VACATED**.

**SO ORDERED** this 30th day of March, 2021.

REGGIE B. WALTON
United States District Judge

---

[2] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is <u>not</u> a "final decision" as that term is used in 28 U.S.C. § 1291 (2018).  <u>See</u> <u>St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev.</u>, 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); <u>id.</u> at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word").  Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a Memorandum Opinion that explains the Court's rationale in appropriate detail.  With only non-substantive tasks (e.g., reviewing citations to ensure conformity with the Bluebook) remaining before the Memorandum Opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter.  <u>See</u> <u>id.</u> (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").